Nash, J.
 

 The defendant, Eiier, was indebted to the defendant, Hamilton, who held his notes for the amount due, payable at different times. Among them was one for one hundred and fifty dollars, payable on a particular day, at the house of Eller, in property. This note was, for valuable consideration, transferred by Hamilton to the plaintiff, who attended at the time and place designated, to receive payment. The bill alleges, that, after the transfer of the note, the plaintiff informed Eller of the fact, who promised to pay it, and that, when he attended to receive the property, in discharge of it, horses and an old cow were offered him, which he refused to receive, they being entirely worthless. The bill then alleges, that he brought suit on the note in the Superior Court of Law of Buncombe County against Eller, and, upon the trial, the
 
 *25
 
 defendánt was allowed to shew any payments he had. made to Hamilton, and did prove one for forty dollars, anda verdict was rendered for the plaintiff for the sum remaining due upon the note. An appeal was taken by the defendant to the Supreme Court, where the cause is pending; and the defendant, Hamilton, acting in concert with the defendant, Eller,'with a 'view to defeat the action and defraud the plaintiff of his just rights, has instructed an attorney of the Court to dismiss the suit.— The prayer is, that the defendants and all other persons, acting under them, may be enjoined from dismissing the said suit or interfering therewith. It avers the entire insolvency of Hamilton.
 

 The answer of Hamilton admits his insolvency, and the transfer of the note in controversy to the plaintiff — but alleges-, that, after Eller, the maker, had executed it, he, Hamilton, had agreed, that it might be discharged by Eller’s taking up debts, due by him to other persons ; anil that he communicated this fact to the plaintiff at the time of the transfer, and it was agreed between them that Eller might still so discharge it, and if, upon being-informed of the transfer, he, Eller, should object to it, the trade between him, Hamilton, and the plaintiffshould be cancelled and the note returned. It admits the directions given to the attorney, as to the dismission of the suit in the Supreme Court.
 

 The answer of Eller adopts the answer of Hamilton, as to the transactions between them, and avers his belief, as to those stated to have taken place, upon the transfer of the note to the plaintiff. It avers the payment by Eller for Hamilton of three debts — one for five dollars, and another for ten, and one to J. M. Alexander, which was credited on another note, held by Hamilton on him. It denies that the property, tendered by him, was as worthless as the bill alleges, and avers that tile payments made by him for Hamilton, and money actual-
 
 *26
 
 ]y advanced and articles furnished for the support of him and his family, has kept him from that time indebted to the said Eller. The answer further alleges, that Eller made the tender under a mistake of the law, that, as the plaintiff took the note before it was due, he believed he held it discharged from any equitable defence he might have against Hamilton, and that the plaintiff took the note, under a full knowledge of the agreement between Eller and Hamilton, as to the right the former had in taking up debts against the latter, and that he had been taking up such debts and claims, that they should be applied to the discharge of the note. It further alleges, “that he complained to the plaintiff and endeavored to shew him the injustice of his course, claimed his payments to the said Hamilton at once, on learning he was going to insist on trying to collect the said note from this defendant.” It then avers, “that the debts, so taken up by this respondent for the said Hamilton, were taken up as above set forth, and, if not actually applied, were intended to be applied to this particular debt.” It admits the directions given to the counsel in the Supreme Court in the suit at law.
 

 On the coming in of the answers, a motion was made to dissolve the injunction theretofore granted, which was refused, and the defendant, Eller, appealed to this Court.
 

 The power of a Court of Equity to grant the relief asked for in the bill is not denied. It is, indeed, a familiar principle, and exercised in proper cases to restrain a person, who has parted with his equitable right in a contract, not assignable at law, from interfering to prevent his alienee using his name in enforcing it in a Court of law. The right to do so is considered a part of the contract, 2
 
 Story’s Eq. Jur.,
 
 sec. 1040, and Equity will com pel the assignor to permit the use of his name, sec. 1050. The defendants say, however, that the circumstances of this case do not bring it within the operation of this rule.
 
 *27
 
 We have taken a different view of the case, and agree ■with his Honor below, that the injunction ought,not to be dissolved. The defendant, Eller, was indebted to his co-defendant, Hamilton, in several notes, the one now in controversy being the last falling due. This, the only one we have any thing to do with, was payable in specific articles at a fair valuation. It. was, therefore, not assignable at law, and, when sold to Heaver, the plaintiff,, the assignment transferred only the equitable right to the-money secured by it. In order to collect it at law, he was obliged to bring the action in the name of the original payee, Hugh Hamilton. This he did ; and, upon a threat on the part of the nominal plaintiff to dismiss the suit, this bill is filed. The bill sets forth a clear case fop the interference of the Court, unless the answers have removed the plaintiff’s equity. The answer of Hamilton alleges, that when he made his transfer of the note to the plaintiff, he informed the latter, that it was a part of the agreement between him and Eller, that, although the note was payable in specific articles, it might be discharged by Eller, by taking up and paying other debts due by him fo other persons; and that Eller might still possess the right to do so; and that, if Eller did not agree to the transfer, the contract between him, Hamilton, and the -plaintiff, was to be cancelled and the note returned.— This answer is adopted by Eller as his. The first observation such a statement suggests is. of what possible benefit could the note be to the plaintiff, if the debtor, Eller, was at liberty to discharge it. by purchasing or procuring claims to the amount of it. The latter, it i.s admitted on all hands, was entirely insolvent. But, further, the bill alleges-, that, upon the transfer of the note to the plain? tiff, he notified the defendant, Eller, of the fact, who promised to pay it; and that he, the plaintiff, attended, -at- the time when the note fell due and at the place ■designated, to receive the articles, when the defendant
 
 *28
 
 tendered to him an old cow and two horses of little or no value. Eller in his answer makes no reply to the allegation qf notice or the promise to pay, but slurs the whole matter over by stating, that
 
 immediately upon learning
 
 that the plaintiff was going to insist on trying to collect the said note from him, he complained to him the injustice of his course and claimed his payments to the said Hugh, &c. This allegation on the part of the plaintiff is a material one and the failure of the defendant, Eller, to notice it, deprives the answer of that fullness on this point, which is required in answering a bill praying an injunction. The allegation above stated is not answered, and we must consider it,
 
 pro hac vice,
 
 as true; If not true, Eller would, immediately upon being notified of the transfer, have, claimed the privilege, and not have given an unqualified promise to pay. And, indeed, so far from claim, ing the alleged privilege, at the time the property was to be delivered, he actually tendered articles, as described in the note, which he avers were valuable.
 

 • Towards the close of his answer, the defendant, El-ler, states, “that the debts,
 
 so taken up
 
 by this respondent for the said Hugh, were taken up as above
 
 set
 
 forth, and, if not actually applied, were intended to be •applied, to the payment of this particular debt” The ■only debts of Hamilton, which the answer sets forth in -the preceding part of it, as having been taken up by Eller, were the $5 and the $10 debts, and the one to Alexander, and the latter, it is admitted, was applied to another note, held by Hamilton on Eller.
 
 It
 
 is true, he commences the statement of the payment of these two small notes, by saying, “this defendant does not now recollect each particular debt paid by the said Hugh,’ &c. It is natural to presume, that, in taking up claims against an insolvent man,-by which the-defendant expected to discharge a claim against himself, he should at
 
 *29
 
 least make a memorandum of them; and it is not to be presumed, that he would fail to lay such memorandum before his solicitor, who drew his answer. He ought to have set forth in his answer, specifically, every debt of Hamilton he did so take up. But a sufficient answer to this portion of the defence is, that the defendant has already been allowed the full benefit of it. The bill sets forth, that, on the trial at law, the defendant, Eller, was allowed by the Court to prove what payments he had made for and on account of Hamilton ; and that a payment of .$40 was proved by him and allowed by the jury, which was, in truth, a payment made on a preceding note. This allegation is not answered by the defendant, Eller* It is not to be doubted, that, on the trial at law, he brought before the jury all payments and sets off, to which he was jusily entitled. If he did not, it was his own fault.
 

 It has been repeatedly decided in this Court, that, on a motion to dissolve an injunction, it must appear, that the answer fuljy meets the plaintiff’s equity. It must not be deficient in frankness, candor or precision, nor must it be illusory. In all these particulars, the answers in this case are defective.
 
 Little
 
 v.
 
 Marsh,
 
 2 Ire. Eq.
 
 18, Miller
 
 v.
 
 Washburn,
 
 3 Ire. Eq. 161.
 

 We see no error in the interlocutory order made in the uause below.
 

 This opinion will be certified to the Court of Equity of Buncombe County, and the defendant will pay the costs of this Court.
 

 Per Curiam. Ordered and decreed accordingly.