The defendants, Susan C. Campbell, now Susan C. Whitney, and her sisters, Ida N. Moore, and Selina M. Moore, conveyed to the plaintiff five tracts of land, lying in the County of Brunswick, with a general warranty of title, at the price of $4200. He paid in cash $1000, and gave his notes for $1000, payable at the end of one year; $1000 payable at the end of two years; and $1200, at the end of three years. The first two of these notes were paid, but the other, not being paid, was put in suit, and, at the commencement of this suit, was about to be collected by execution.
To one of the several tracts conveyed to plaintiff, to wit, that described as lying on Bull-head branch, the defendants had no title, but, at the date of the deed, was openly held, and adversely possessed, by one having a valid title thereto.
The defendants removed from the State in 1834, and have constantly, since then, resided in a distant State, and they had not, at the commencement of this suit, any property or effects within the jurisdiction of the Courts of this State.
The prayer of the bill is for an injunction to restrain the plaintiff from collecting so much of the $1200, as is equal to the value of the land thus lost to him, which he says is $1000; and for general relief.
The defendants, in their answer, allege that they inherited from their ancestor, Alfred Moore, several tracts of land, lying in the County of Brunswick, contiguous to each other, called Springfields, but as they removed from the State many years ago, and have (447) never since visited it, they were entirely unacquainted with the particulars concerning these lands; that for the purpose of making sale of their real estate in this County, they employed a gentleman residing in a neighboring County, who was also unacquainted with these particulars; that this gentleman, as their agent, contracted with the plaintiff to sell him these lands, but before doing so, instructed him to call on several persons who were well acquainted with the localities, boundaries, and all the particulars concerning them, which, they say, he did, so that he was much better acquainted with the lands than they were or their agent; that the bargain was made in reference to the Springfields only, and these lands were fully worth the sum agreed on as the consideration of the deed, to wit, $4200; that this land called the Bull-head tract, was not a part of the Springfields, but was at least six miles distant from them, and they had never pretended to set up title to it; that this tract on the Bull-head branch was, at that time, in the possession of William S. Ashe, who claimed and owned it under *Page 370 
a valid deed from Miss Sally Moore to Hasell Burgwin, and from him to said Ashe, and that all this was well known to the plaintiff, but unknown, at that time, to the defendants, or their agent; that the defendants' agent, acting upon information which he derived from the plaintiff, prepared a deed, including this tract with the Springfields, and sent it to them, (then resident in the District of Columbia). This deed they executed without the least knowledge that they were conveying any other than the lands they were entitled to; but, they aver, that the plaintiff was fully aware of this mistake, and designedly led their agent into it to defraud them of a part of the money which he was to pay for their property.
They also aver that the plaintiff well knew that William S. Ashe was living on the Bull-head-branch tract, claiming it under a valid title, and that he was only buying a lawsuit in taking a deed for it. They insist this was maintenance in the plaintiff, and that he has no right to relief on that account.
They insist that, as the plaintiff has a complete remedy at (448) law for a breach of the covenant of warranty, he is not entitled to the relief prayed for.
An exception was taken in this Court, for the first time, to the probate of the deed exhibited by the plaintiff, but as the Court thought it had been waived by the pleadings, it is not deemed necessary to state it.
There were replication to the answer, commissions and proofs, and the cause being set down for hearing, was sent to this Court.
The bill could not be sustained were the defendants within the jurisdiction of the courts of law of this State, for the reason that the law could give complete relief in an action of covenant on the warranty contained in the deed of defendants; but as they are nonresidents, and have no property within the State, this Court will not permit the defendants to recover the purchase-money for the land, the title to which is admitted to be defective, leaving to the plaintiff the precarious remedy of suing in the courts of another State for the purpose of getting back the same by way of damages, in an action for the breach of the covenant of warranty.
But it is insisted for the defendants, that the plaintiff has no right to any relief in this Court, because he himself fraudulently procured the tract of land in question, to be inserted in the deed executed to him *Page 371 
by the defendants, he himself knowing at the time, that he had purchased only the four other tracts mentioned in the said deed. If the allegation of this fact were sustained to our satisfaction by the proof, it would furnish a complete answer to the equity set up by the plaintiff. But the testimony of the witness Flowers, which alone tends to support it, is too much weakened by that of the witness George Greene, to be allowed to affect the rights of the plaintiffs as evidenced by the deed of the defendants.
But they object, that the deed cannot avail the plaintiff for any purpose, because it was not admitted to registration upon a (449) proper probate and order. This objection is not open to the defendants to be taken, for the first time, in this Court. They have, in their answer, admitted the execution of the deed in question, and a copy of it has been filed by the plaintiff as an exhibit, and has been transmitted to this Court, as a part of the testimony in the cause. It would be taking the plaintiffs by surprise, if, under these circumstances, such an objection were permitted to prevail.
The testimony does not support the defense suggested, rather than relied on, in the answer, that the contract of purchase was void because it was infected with maintenance. It does not appear that the plaintiff had any knowledge at the time he took the deed, that any person was in the possession of the land in question, claiming it adversely. The cases ofDeaver v. Eller, 42 N.C. 24, and Barnes v. Strong, 54 N.C. 100, referred to by the defendants' counsel, do not apply. The first decides merely that a Court of Equity will restrain, by injunction, the assignor of an equitable claim from dismissing a suit at law, brought by the assignee, in the name of the assignor. The second is a case of rank champerty, where a son was to have half of the amount in controversy, upon the successful defense of a suit for an aged and infirm father.
Our opinion, therefore, is, that the plaintiff is entitled to have a perpetual injunction as to a part of the purchase-money; which part is to be ascertained by comparing the value of the land in dispute at the time of the purchase, with that of the other tracts purchased by the plaintiff, the title to which is good, supposing the whole to be worth the amount mentioned in the deed; and to ascertain this comparative value, there must be a reference.
It is manifest, from the proofs on file, that the injunction heretofore granted is for too great an amount, and it must be dissolved for the *Page 372 
sum of $400, with the interest thereon since the note became (450) due; and the cause will be retained for further directions.
Per curiam.
Decree accordingly.
Cited: Richardson v. Williams, 56 N.C. 119; Falls v. Dickey, 59 N.C. 360.